1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9               SOUTHERN DISTRICT OF CALIFORNIA
10
11   ROBERT LOPEZ, decedent, by and          Case No.:  20-cv-171-GPC-MSB
     through his successor-in-interest
12   CYNTHIA LOPEZ; and CYNTHIA              **ORDER DISMISSING CASE WITH**
13   LOPEZ, individually, and on behalf of    **LEAVE TO AMEND**
     general public,
14                                            **[ECF Nos. 9, 19]**
                              Plaintiffs,
15
16   v.
17   BRADLEY GLENN HAY, in his
     individual capacity; PATTY MAYSENT,
18   in her individual capacity; GERARD
     MANECKE, JR., in his individual
19   capacity; THE REGENTS OF THE
     UNIVERSITY OF CALIFORNIA; and
20   DOES 1 through 100,
21                             Defendants.
22
23       Before this Court are two Motions to Dismiss the First Amended Complaint
24   ("FAC"), one filed by Defendants Patty Maysent, Gerard Manecke, Jr., and the Regents
25   of the University of California (collectively "Hospital Defendants"), and the other filed
26   by Defendant Bradley Hay.  ECF Nos. 9, 19.  Based on the FAC, the moving papers, and
27                                      1
28                                                          20-cv-171-GPC-MSB

applicable law, the Court **DISMISSES without prejudice** as to the Fourth Cause of Action and **with prejudice** as to the Fifth Cause of Action in the FAC.

With the Fourth and Fifth Causes of Action dismissed, however, only state law claims remain as to the first three causes of action.  Further, the FAC does not sufficiently demonstrate that jurisdiction is proper on the remaining causes of action.  Thus, the Court sua sponte **DISMISSES without prejudice** the remaining causes of action contained in the FAC for lack of subject matter jurisdiction.  Plaintiffs may amend the FAC to cure the deficiencies in the Fourth Cause of Action, or otherwise demonstrate subject matter jurisdiction on the remaining causes of action.

## I.   Background

### A.   Procedural Background

On April 22, 2020, Cynthia Lopez, both as a successor-in-interest of Robert Lopez, decedent, and individually and on behalf of the general public, filed the FAC.  ECF No. 3.  The FAC asserts five causes of action: (1) violation of California's Unfair Competition Law ("UCL"); (2) breach of contract; (3) breach of implied contract; (4) denial of access to courts, in violation of 42 U.S.C. § 1983 ("Section 1983"); and (5) conspiracy to violate Section 1983.

The Hospital Defendants filed the first Motion to Dismiss ("1st MTD") on July 14, 2020.  ECF No. 9.  Hay filed the second Motion to Dismiss ("2d MTD") on September 18, 2020.  ECF No. 19.  Both Motions argue that the Court should dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), because Ms. Lopez lacks standing, the contract claims fail, and the denial of access to courts and the related conspiracy claims fail.  The 1st MTD also argues that Plaintiffs' UCL claims fail as well.  Plaintiffs filed an Opposition to each Motion, ECF Nos. 18, 30, and Defendants filed their respective Replies, ECF Nos. 27, 39.

20-cv-171-GPC-MSB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    **B.   Factual Allegation**

    Hay, an anesthesiologist, had experienced drug addiction.  During his residency, he had diverted drugs such as fentanyl for personal use.  FAC 4–5, ECF No. 3.  Staff at the University of California San Diego Hospital in Hillcrest ("UCSD Hospital") raised concerns about Hay's behavior during his residency, but ultimately UCSD Hospital offered Hay a full-time position, which he accepted in November 2007.  *Id.* at 5.

    In the summer of 2008, Hay was confronted by the UCSD Hospital staff, including Manecke, then-chair of UCSD Hospital's Anesthesiology Department.  *Id.* at 6.  The staff advised Hay "that they knew and had reason to believe he was abusing drugs at work and diverting drugs," to which Hay denied the concerns.  *Id.*  The staff gave Hay an ultimatum: either report to the Betty Ford Foundation Drug Addiction Treatment Center, or be fired and reported to the Medical Board of California.  Hay chose the former, checked himself in, and participated in the Center's rehabilitation program.  *Id.*

    Hay returned to work in November 2008 and maintained sobriety from 2009 to 2014.  However, around April 2016, he relapsed and again began diverting patients' drugs for his personal use.  *Id.* at 7.  This time, the UCSD Hospital was not monitoring Hay for substance abuse and/or diversion.  *Id.* at 8.

    "On or about January 27, 2017, Respondent [Hay] was scheduled to perform anesthesia on surgical patients R.L., [Robert Lopez] and R.D. [Randy Dalo] at UCSD.  At some point that morning, Respondent accidentally cut his finger while cutting a bagel, causing tendon damage.  Despite the injury, Respondent returned to his assigned surgical cases in order to steal medication for his own use."  FAC Ex. 1, Accusation ¶ 33, ECF No. 3-1.

    Ultimately, Hay overdosed that day from the drugs that he diverted from Mr. Randy Dalo.  *See id.* ¶¶ 34–37; FAC ¶ 40, ECF No. 3.  Subsequently, Hay took a leave of absence.  *Id.* at 8.  The Medical Board of California filed an Accusation and Stipulated

Surrender of License and Disciplinary Order against Hay in October 2017.  Hay signed the Stipulation, admitted the truth of each charge and allegation in the Accusation, and surrendered his medical license.  *Id.* at 8–9.  Mr. Dalo filed a medical malpractice lawsuit against Hay, several staff members of the UCSD Hospital (including Manecke), and the Regents of the University of California.  *See Dalo v. Hay*, No. 37-2018-00017017 (Super. Ct. Cal.).  Mr. Dalo is represented by the same counsel as Plaintiffs.  *See* Hosp. Defs.' Req. Judicial Notice ("RJN") Ex. 1, ECF No. 10-1.[1]

Specifically relating to Mr. Robert Lopez's surgery on January 27, 2017, Hay performed anesthesia on Mr. Lopez and prescribed Mr. Lopez sufentanil and fentanyl. While the staff at UCSD Hospital informed the family that the surgery went well and did not report any issues, Mr. Lopez later experienced inordinate and unusual amounts of pain after the surgery and requested additional pain medication.  Mr. Lopez passed away several months after the surgery.  FAC 17, ECF No. 3.

Throughout these sequences of events, the UCSD Hospital did not identify and notify patients to whom Hay had provided anesthesia.  The UCSD Hospital did not analyze whether Hay's conduct contributed to any adverse event to the patients.  And the UCSD Hospital did not investigate whether Hay's patients had been billed for medication they never received because it was diverted by Hay for his own use.  *Id.* at 6, 9–10. Instead, Ms. Cynthia Lopez first heard about the whole incident—including the fact that Hay was Mr. Lopez's anesthesiologist for the January 2017 surgery—in May 2018, through an investigator for the California Medical Board.

---

[1] The Court takes judicial notice of the case docket in *Dalo v. Hay*, No. 37-2018-00017017 (Super. Ct. Cal.).  *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (citation omitted).  As to the other RJNs, the Court did not rely on the documents in arriving at its decision and therefore denies the Requests as moot.

1   **II.    Legal Standard**

2       **A.    Federal Rule of Civil Procedure 12(b)(1)**

3       Standing pertains to a federal court's subject matter jurisdiction under Article III of

4   the Constitution.  Therefore, challenges based on lack of standing are properly raised in a

5   motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).  *White v. Lee*, 227

6   F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).  "A Rule 12(b)(1) jurisdictional

7   attack may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039

8   (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d at 1242).  The Hospital Defendants bring a

9   facial attack, 1st MTD Mem. 4, ECF No. 9-1, and Hay brings a factual attack, 2d MTD

10  Mem. 3, ECF No. 19.

11      In a facial attack, the assertion is that the allegations are insufficient on their face

12  to invoke federal jurisdiction.  Accordingly, the Court resolves the facial attack as it

13  would handle a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

14  Procedure.  Accepting Plaintiffs' allegations as true and drawing all reasonable inferences

15  in Plaintiffs' favor, the Court must determine "whether the allegations are sufficient as a

16  legal mater to invoke the court's jurisdiction."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121

17  (9th Cir. 2014) (citations omitted).

18      In contrast, a factual attack "disputes the truth of the allegations that, by

19  themselves, would otherwise invoke federal jurisdiction."  *Safe Air for Everyone*, 373

20  F.3d at 1039.  Here, the Court need not presume the truthfulness of Plaintiffs' allegations.

21  *Id.* (citing *White v. Lee*, 227 F.3d at 1242).  Instead, once the moving party presents

22  evidence, the party opposing the motion must furnish evidence necessary to satisfy the

23  burden of establishing subject matter jurisdiction.  *Id.* (citing *Savage v. Glendale Union*

24  *High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

25

26

27

28

**B.    Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under this Rule if the complaint lacks either a cognizable legal theory or facts sufficient to support such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir.1984).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the non-moving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  At the same time, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).  *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When ruling on the motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001); *cf. Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

**C.    Federal Rule of Civil Procedure 12(h)(3)**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  The federal court is one of limited jurisdiction and the burden rests on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  Thus, federal courts have a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua

1    sponte whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy*

2    *City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted).

3    **III.   Discussion**

4         Federal courts must not adjudicate issues in which they lack subject matter

5    jurisdiction, and courts have an "independent obligation" to remain vigilant on this issue.

6    *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (citing

7    *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).  Having this obligation in mind, the

8    Court observes that the only federal causes of action in this case are pursuant to Section

9    1983, alleging a denial of access to courts (Fourth Cause of Action) and a related

10   conspiracy claim (Fifth Cause of Action).  The parties have jointly requested dismissal of

11   the Fifth Cause of Action.  As to the Fourth Cause of Action, the Court finds that with no

12   underlying medical malpractice allegation or a record of Ms. Lopez litigating one,

13   Plaintiffs' Section 1983 claims fail.

14        With neither federal cause of action surviving the present motion, the Court

15   declines to address issues that it has no jurisdiction over.  The FAC fails to present

16   sufficient facts for this Court to conclude that the FAC survives the Well Pleaded

17   Complaint Rule, or that diversity jurisdiction or supplemental jurisdiction exists.

18   Therefore, the Court dismisses the case in its entirety but grants Plaintiffs leave to amend

19   the complaint.

20        **A.    Plaintiffs' Section 1983 Claims**

21             **1.    Conspiracy**

22        The Court first addresses the issue that all parties agree on.  Defendants moved to

23   dismiss Plaintiffs' Fifth Cause of Action, titled "Conspiracy to Commit Civil Rights

24   Violation (42 U.S.C. § 1983)."  *See* 1st MTD 2, ECF No. 9; 2d MTD 2, ECF No. 19.

25   Plaintiffs have moved to dismiss the Fifth Cause of Action as well.  Pls.' Opp'n 1st MTD

26   27 n.8, ECF No. 18.  In addition, Section III.A.2 of this Order, *infra*, discusses how Ms.

27

28

1    Lopez never suffered actual injury for a valid Section 1983 claim.  Accordingly, the

2    Court **DISMISSES with prejudice** the Fifth Cause of Action in the FAC.

3                          **2.    Denial of Access to Courts**

4            Defendants also move to dismiss Plaintiffs' Fourth Cause of Action, in which

5    Plaintiffs claim that Defendants' actions denied Plaintiffs' constitutional right to access

6    courts, either by preventing the ability to bring a lawsuit in a timely and expeditious

7    manner, *see* FAC 26, ECF No. 3, or by making the lawsuit less effective due to loss of

8    material evidence or the reduction of recoverable damages, Pls.' Opp'n 1st MTD 25–26,

9    ECF No. 18; Pls.' Opp'n 2d MTD 13–14, ECF No. 30.

10           Defendants argue that Plaintiffs' claim fails to implicate federal rights.  However,

11   the FAC alleges a violation of federal law (as required for a Section 1983 relief, *see*

12   *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007)) which is the alleged

13   violation of the right of access to courts, stemming from the First and Fourteenth

14   Amendments.  *See, e.g.*, *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S.

15   508, 510 (1972) (First Amendment); *Boddie v. Connecticut*, 401 U.S. 371, 375 (1971)

16   (Fourteenth Amendment).  Accordingly, the Plaintiffs' claim is founded on the alleged

17   deprivation of a federal right protected under § 1983.

18           Nonetheless, the Court must dismiss the Fourth Cause of Action because Plaintiffs

19   have failed to allege actual injury—Ms. Lopez can access the courts and litigate her

20   medical malpractice lawsuit in state court.  The Supreme Court has discussed how

21   access-to-courts claims manifest in two ways.  One category is a "forward-looking"

22   claim, which seeks removal of a "frustrating condition" that is preventing plaintiff from

23   filing the lawsuit at the present time, such as filing fees or a reader for an illiterate

24   litigant.  The other is a "backward-looking" claim, where the plaintiff argues that he or

25   she lost the opportunity to seek a particular order of relief.  *See Christopher v. Harbury*,

26   536 U.S. 403, 413–15 (2002).  Plaintiffs' Section 1983 claim is a backward-looking

27

28

claim.  And for a valid backward-looking claim, the Supreme Court has held that "the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Christopher v. Harbury*, 536 U.S. at 415.  To clarify, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), *just as if it were being independently pursued*, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Id.* at 417–18 (emphases added).

The Supreme Court has recognized the particular risk inherent in backward-looking claims: "Characteristically, the action underlying this sort of access claim will not be tried independently, a fact that enhances the natural temptation on the part of plaintiffs to claim too much, by alleging more than might be shown in a full trial focused solely on the details of the predicate action." *Id.* at 416.  As a result, there is "the need for care in requiring that the predicate claim be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id*.  Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant.  *See generally Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 513–15 (2002).

Here, the FAC fails to state the underlying claim "just as if it were being independently pursued."  Instead, Plaintiffs hint at *possibilities* of medical malpractice issues.  *See, e.g.*, FAC 26, ECF No. 3; Pls.' Opp'n 1st MTD 24–26, ECF No. 18; Pls.' Opp'n 2d MTD 13–14, ECF No. 30.  Plaintiffs contend generally that a medical malpractice lawsuit cannot proceed because either the statute of limitations has passed, FAC ¶ 107, ECF No. 3, crucial evidence has been lost, Pls.' Opp'n 1st MTD 24–25, ECF No. 18, or the amount of damages would be reduced, *id.* at 26.  This is inadequate.  At

9

minimum, Ms. Lopez must plausibly plead the underlying medical malpractice claim in her FAC for the Fourth Cause of Action to be valid.[2]

Plaintiffs reference *Delew v. Wagner*, 143 F.3d 1219, 1222–23 (9th Cir. 1998) to argue that the concealment of facts violates the right of access to courts because the concealment makes the state court remedies ineffective.  In fact, *Delew* advances an even more stringent requirement for such claims to prevail, because under *Delew*, the correct inquiry for a valid access-to-courts claim is whether the concealment rendered *all* state court remedies ineffective:

> To prevail on their claim, the Delews must demonstrate that the defendants' cover-up violated their right of access to the courts by rendering "any available state court remedy ineffective." . . . We conclude that the district court should have recognized the cognizability of the Delews' claims and dismissed their complaint without prejudice.  By disposing of the case in this fashion, the Delews would have the opportunity to re-file their section 1983 action if in fact the defendants' alleged cover-up actually rendered all state court remedies ineffective.

*Id.* (citations omitted).  Applying such standard to the facts, Plaintiffs have failed to plead that the limitations period for any possible medical malpractice claim expired before she could bring it.

Plaintiffs' case law from other jurisdictions do not persuade the Court.  To start, *Swekel v. City of River Rouge*, 119 F.3d 1259, 1262, 1264 (6th Cir. 1997) reaffirms the Court's position that some attempt to litigate in state court is a prerequisite.  Ultimately

_____

[2] The Court is aware that the FAC alleges class members and Plaintiffs writ-large being denied the access to courts due to Defendants' concealment.  FAC 26–27, ECF No. 3. This is not sufficient.  Plaintiffs must prove that the named-plaintiff, in this case Ms. Lopez, was denied access to courts.  *See Lewis v. Casey*, 518 U.S. 343, 349–50, 357 (1996); *see also NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019) (focusing the standing inquiry on class representatives); Fed. R. Civ. P. 23(a)(2)–(4) (commonality, typicality, and representativeness).

1   *Swekel* affirmed the district court's denial of the access-to-courts claim, and rejected the

2   appellant's arguments that critical evidence may go stale from concealment:

3   > Before filing an "access to courts" claim, a plaintiff must make some attempt
4   > to gain access to the courts; otherwise, how is this court to assess whether
      such access was in fact "effective" and "meaningful"?  A plaintiff cannot

5   > merely guess that a state court remedy will be ineffective because of a
6   > defendant's actions.  Rather, the plaintiff must present evidence that the
      defendants' actions actually rendered any available state court remedy

7   > ineffective.

8   *Id.* at 1264.  Regarding Plaintiffs' Fifth Circuit decisions, *Ryland v. Shapiro*, 708 F.2d

9   967, 975 (5th Cir. 1983); *Rheuark v. Shaw*, 628 F.2d 297, 304 n.10 (5th Cir. 1980), it

10  appears that recent Fifth Circuit case law is moving away from a standard where delay or

11  stale evidence alone qualifies for a valid access-to-courts claim.  *See, e.g.*, *Waller v.*

12  *Hanlon*, 922 F.3d 590, 602 (5th Cir. 2019) ("Unless and until the plaintiffs' claim against

13  [defendant] suffers some concrete setback traceable to the defendants' alleged coverup,

14  their allegation that the defendants impaired their effort to bring that claim is no more

15  than speculation about an event that may or may not come to pass.").

16      With no allegation of medical malpractice or a record that Ms. Lopez had

17  proceeded with one in a prior lawsuit (and was denied the relief due to the Defendants not

18  disclosing Hay's past), there is no actual injury for the Fourth Cause of Action, and Ms.

19  Lopez lacks standing to seek a Section 1983 claim.[3]  *See Christopher v. Harbury*, 536

20  U.S. 403, 415 (2002) (discussing how the right to access courts "is ancillary to the

21

22

23  [3] Plaintiffs' general discussion of standing, *see* Pls.' Opp'n 1st MTD 12–15, ECF No. 18;
    Pls.' Opp'n 2d MTD 3–9, ECF No. 30, does not apply here.  The Supreme Court has

24  made clear that for Section 1983 access-to-courts claims, a plaintiff establishes standing
    by virtue of the underlying claim, which here would be the actual allegation of medical

25  malpractice.  Plaintiffs must establish standing for each cause of action.  *See California v.*

26  *Azar*, 911 F.3d 558, 570 (9th Cir. 2018) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S.
    332, 352 (2006)).

27

28

underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"); *Lewis v. Casey*, 518 U.S. 343, 349–50 (1996) ("The requirement . . . [to] show actual injury derives ultimately from the doctrine of standing . . . .").

In sum, with no underlying medical malpractice claim or a record of an attempt at litigating one, Plaintiffs have failed to meet the requirements for a valid access-to-courts claim.  Plaintiffs so far have not demonstrated that an actual injury occurred, and therefore lack standing.  Accordingly, the Court **DISMISSES without prejudice** the Fourth Cause of Action in the FAC.  Should Plaintiffs choose to amend the complaint and cure the defects discussed in this Order, the Court observes that regardless of a valid Section 1983 claim, the Regents of the University of California may be immune from it.[4] *Fruciano v. Regents of Univ. of California*, No. 18-CV-04452-JSC, 2018 WL 4219232, at *4 (N.D. Cal. Sept. 5, 2018) (citing *Armstrong v. Meyers*, 964 F.2d 948, 949-50 (9th Cir. 1992); *Associated Students of Univ. of California at Santa Barbara v. Regents of Univ. of California*, 2007 WL 196747, at *3 (N.D. Cal. Jan. 23, 2007)).

## B.    Federal Jurisdiction

Having dismissed the Section 1983 claims, the Court observes that the remaining causes of actions are state law claims.  A federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented.  *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94–95 (1988).  Federal courts are under a continuing duty to confirm their jurisdictional power and raise the issue sua sponte whenever there is doubt on it.  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted).

---

[4] At this point of the lawsuit, the Court will not address the qualified immunity issue because it is unnecessary in dismissing the Fourth Cause of Action, and because it implicates state law claims ("clearly established" law) that the Court declines to adjudicate for reasons discussed *infra* Section III.B.

1    Federal subject matter jurisdiction may exist based on: (1) federal question

2    jurisdiction, 28 U.S.C. § 1331; (2) diversity jurisdiction, *id.* § 1332; or (3) supplemental

3    jurisdiction, *id.* § 1367.  The FAC's section on jurisdiction states the following:

4    "Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because Defendants' conduct

5    violated federal laws and regulations . . . ."  FAC ¶ 6, ECF No. 3.  Based on the

6    allegations made in Plaintiffs' FAC and the motion papers, the Court concludes that once

7    the Section 1983 claims are dismissed, Plaintiffs have failed to plead sufficient facts to

8    establish federal jurisdiction.  Since the burden is on the party asserting jurisdiction,

9    *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), absent

10   additional facts, the Court must conclude that it lacks jurisdiction.  Therefore, the Court

11   **DISMISSES without prejudice** the three state law-based claims for lack of jurisdiction.

### 1.    The Well Pleaded Complaint Rule

13   The Court first observes that the remaining causes of action in the FAC are: (1)

14   violation of the UCL, a California law; (2) breach of contract, based on the UCSD

15   Hospital's Health Patient Rights and Responsibilities (which Plaintiffs argue is modeled

16   after California's Patients' Rights, Pls.' Opp'n 1st MTD 21, ECF No. 18); and (3) breach

17   of implied contract, for similar reasons as the breach of contract claim.  *See* FAC 20–25,

18   ECF No. 3.  All of these are state law causes of action.  None of these actions arise under

19   federal law or present a federal question.  *See* 28 U.S.C. § 1331.

20   Of course, this does not conclude the Court's jurisdictional analysis.  The Court

21   notes that there are two federal "issues" that Plaintiffs reference in the three causes of

22   action.  First, patients affected by Hay's conduct received their healthcare benefits from

23   the Department of Veterans Affairs and the Centers for Medicare and Medicaid Services.

24   FAC ¶¶ 4, 6, 77, 88, ECF No. 3.  Second, Plaintiffs argue that Defendants violated the

25   UCL which prohibits any "unlawful" business act or practice, one of the unlawful acts

26   implicating the federal regulations over controlled substances.  *Id.* ¶¶ 66, 87.

27

28

However, the ability/possibility to invoke a federal law in the argument does not by itself grant admission to federal court. *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003) (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986)), *as amended* (Sept. 22, 2003). "Federal question jurisdiction extends only in those cases in which a well-pleaded complaint establishes 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.'" *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27–28 (1983)). *See generally* 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3566 (3d ed. 2020) ("[T]he well-pleaded complaint rule means that a plaintiff cannot gain admission to federal court by allegations to support his own case that are not required by pleading rules.").

As a result, under the Well-Pleaded Complaint Rule, the Court focuses on whether the federal issues in the FAC are "pivotal" to resolve any of the state law claims. *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674–75 (9th Cir. 2012). They are not. The Court does not need to opine on federal law—at all—to resolve any of Plaintiffs' remaining causes of action. Even if some Plaintiffs receive healthcare from the Department of Veterans Affairs, Medicare, or Medicaid, this fact has no bearing on whether Defendants violated the UCL or California contract claims. At best, these federal programs come into play at the damages/reimbursement phase, along with other health insurance programs such as Medi-Cal. *See, e.g.*, FAC ¶ 77, ECF No. 3. And all of this is only after the Court finds liability based on interpreting the UCL or establishing that a contract (whether express or implied) existed under California law.

As to the pleading on federal regulations over controlled substances, it is true that the alleged UCL violation stems from Defendants engaging in "unlawful" activities and

1   practices, and one of the unlawful activities is the violation of the federal regulations.

2   But according to the FAC, that is not the only basis for UCL liability.  Plaintiffs allege

3   that Defendants also violated: the California Patients' Rights, California's Medical

4   Practice Act, California's Health Facility Licensing Provisions, and California's Uniform

5   Controlled Substances Act.  FAC 10–14, 21, ECF No. 3.  Further, Plaintiffs allege that

6   Defendants violated the "unfair" and "fraudulent" prongs, both of which do not rely on

7   the federal regulations.  *Id.* at 21–22; *see also* Pls.' Opp'n 1st MTD 19, ECF No. 18

8   ("Plaintiff adequately pleads a violation of all three prongs.").

9        Each of these are separate and independent predicates for UCL liability.  The

10   concerns over the federal regulations are a subset of a subset of Plaintiffs' UCL claims.

11   "When a claim can be supported by alternative and independent theories—one of which

12   is a state law theory and one of which is a federal law theory—federal question

13   jurisdiction does not attach because federal law is not a necessary element of the claim."

14   *Nevada v. Bank of Am. Corp.*, 672 F.3d at 675 (quoting *Rains v. Criterion Sys., Inc.*, 80

15   F.3d 339, 346 (9th Cir.1996)).  Because the Court need not analyze the federal

16   regulations and can find UCL liability based on a host of other California laws that

17   Plaintiffs allege, there is no necessary federal law issue.  *Compare In re: Nat'l Football*

18   *Leagues Sunday Ticket Antitrust Litig.*, No. CV1509996BROJEMX, 2016 WL 1192642,

19   at *3 to *7 (C.D. Cal. Mar. 28, 2016) (conferring federal jurisdiction because plaintiff's

20   UCL claim hinged entirely on federal antitrust issues), *with Carrillo v. Nationstar Mortg.,*

21   *LLC*, No. 214CV09343SVWVBK, 2015 WL 12697737, at *2 (C.D. Cal. Mar. 23, 2015)

22   (declining jurisdiction under the Well Pleaded Complaint Rule because "the alleged

23   violation of federal lending law is but one of the [Plaintiffs'] UCL theories").

24        Since there are no remaining federal causes of action and none of the state law

25   causes of action necessarily depend on this Court resolving a substantial question of

federal law, *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997), there is no federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## 2. Jurisdiction Pursuant to 28 U.S.C. § 1332

Incidentally, the FAC does not cite to 28 U.S.C. § 1331 (federal question) to assert jurisdiction. Instead, the FAC cites to 28 U.S.C. § 1332, commonly known as conferring federal jurisdiction based on diversity of citizenship. FAC ¶ 6, ECF No. 3. However, no part of the FAC indicates that Plaintiffs meet the requirements for diversity jurisdiction. The FAC fails to identify an amount-in-controversy. *See id.* at 29; *cf.* 28 U.S.C. § 1332 (requiring the matter in controversy to exceed $75,000). There is no complete diversity of citizenship either. Ms. Lopez is a resident of San Diego County, California. FAC ¶ 9, ECF No. 3. And Plaintiffs are suing citizens of the State of California, three individual defendants and the Regents of the University of California. *Cf. Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004) (citation omitted) ("Diversity jurisdiction under § 1332 requires complete diversity of citizenship, each of the plaintiffs must be a citizen of a different state than each of the defendants."). For now, Plaintiffs have failed to demonstrate that jurisdiction exists pursuant to 28 U.S.C. § 1332.

## 3. Potential Supplemental Jurisdiction

Finally, under 28 U.S.C. § 1367, supplemental jurisdiction exists "when the district court has a hook of original jurisdiction on which to hang it." *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) (citing 28 U.S.C. § 1367(a)). Having decided in part that the Court lacks jurisdiction to hear Plaintiffs' Section 1983 claims because Ms. Lopez lacks standing, there is no original jurisdiction that the state law claims can hang to. *See id.* at 806–07 (discussing the different implications of supplemental jurisdiction depending on whether the court dismisses the federal cause of action pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6)); *see also Lundstrom v. Young*, 419 F. Supp. 3d 1241, 1261 (S.D. Cal. 2019).

### C.      Leave to Amend

Once a court dismisses the complaint, it generally must also decide whether to grant leave to amend.  "Courts are free to grant a party leave to amend whenever 'justice so requires,' Fed. R. Civ. P. 15(a)(2), and requests for leave should be granted with 'extreme liberality.'"  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  Dismissal without leave to amend is proper only if it is clear that an amendment can save the complaint.  *Id.* (citation omitted).  Here, an amendment could cure many of the concerns raised by this Order.  Therefore, the Court **GRANTS** Plaintiffs leave to amend.

## IV.   Conclusion

For the above reasons, **IT IS HEREBY ORDERED** that the Court **DISMISSES without prejudice** the Fourth Cause of Action and **DISMISSES with prejudice** the Fifth Cause of Action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

With the federal causes of action being dismissed, the Court lacks jurisdiction to adjudicate case.  Thus, **IT IS FURTHER ORDERED** that the Court **DISMISSES without prejudice** the First Amended Complaint in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

**IT IS FURTHER ORDERED** that the Court **GRANTS** twenty (20) days leave from the date of this Order to file a Second Amended Complaint, to show federal jurisdiction and potentially cure any deficiencies identified herein.  If Plaintiffs fail to file an amended complaint by the deadline of **February 15, 2021**, the case will be closed.

**IT IS SO ORDERED.**

Dated:  January 26, 2021

Hon. Gonzalo P. Curiel
United States District Judge

17

20-cv-171-GPC-MSB